## J. W. FIELDS v. STATE.

No. A-537.  Opinion Filed May 6, 1911.

(115 Pac. 608.)

1.  INDICTMENT AND INFORMATION — Prosecution — Felonies. Under the provisions of section 17, art. 2, of the Constitution, felonies in this jurisdiction may be prosecuted either by indictment or information.

2.  CRIMINAL LAW—Preliminary Examination—Prosecution by Information. When felonies are prosecuted by information, it is necessary for a preliminary examination to be held, and proper commitment issued holding the person charged to await the action of the proper trial court.

3.  SAME—Prosecution by Indictment. When prosecution is by indictment, it is, not necessary that a preliminary examination be held.

4.  INDICTMENT AND INFORMATION—Manner of Prosecution—Election by State. The state is not bound to prosecute by information after a preliminary examination is had as provided by statute, but may prosecute by indictment at its election.

5.  HABEAS CORPUS—When Lies—Delay in Preliminary Examination. When a person is arrested charged with a felony and held in custody pending a preliminary examination, and such examination is not held within the time provided by law, he has a remedy by habeas corpus proceedings in a proper court for his discharge.

(Syllabus by the Court.)

*Appeal from District Court, Osage County; John J. Shea, Judge.*

J. W. Fields was convicted of larceny of domestic animals, and brings error. Affirmed.

*Grinstead, Mason & Scott,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.  Plaintiff in error was convicted at the November, 1909, term of the district court of Osage county on a charge of larceny of domestic animals, and sentenced to 10

years penal servitude in the state penitentiary.  He was arrested
on the 23d day of June, 1909, on a warrant from a justice of
the peace court, and a preliminary hearing was set for July 1st,
at which time he appeared and was ready for preliminary trial.
The state was not ready and was granted a continuance until the
10th of July, when plaintiff in error again appeared and was
ready for trial and the state not ready, and a continuance was
granted until the 24th day of July; all of the continuances hav-
ing been had without the consent of the plaintiff in error.  On
July 6th a grand jury was impaneled by the district court of
Osage county, and on the 20th day of July returned an indict-
ment against plaintiff in error, charging the same offense for
which he was arrested and held for examination by the justice of
the peace.  No disposition had been made of the cause by the
justice of the peace.  He was arraigned on the 1st day of No-
vember on the indictment and interposed a plea in abatement,
which was overruled and he excepted.  The case went to trial
on the 4th, resulting in the conviction and sentence already
mentioned.

The sole assignment of error relied upon by the plaintiff in
error in this court is that the trial court erred in overruling the
plea in abatement.  Counsel for plaintiff in error urge that the
state, having elected to arrest the defendant and proceed under
the provisions of the statute for preliminary examination and the
filing of an information, cannot abandon that method and prose-
cute by indictment by a grand jury.  Section 17, art. 2, of the
Constitution, is as follows:

"No person shall be prosecuted criminally in the courts of
record for felony or misdemeanor otherwise than by presentment
or indictment or by information.  No person shall be prosecuted
for a felony by information without having had a preliminary
examination before an examining magistrate, or having waived
such preliminary examination.  Prosecution may be instituted in
courts of record upon a duly verified complaint."

Under this provision, there are two methods prescribed by
which prosecutions in felony cases may be prosecuted in courts

having jurisdiction of such offenses, to wit: First, by indictment; second, by information. The preliminary examination is not, and never was, a necessary jurisdictional requirement to prosecutions by indictment. Such an examination is necessary only under our law when the prosecution is by information. There is nothin the letter or spirit of the law to sustain the contention of the plaintiff in error. If he had been held by the committing magistrate to await the action of the grand jury, he could have been indicted, tried, and convicted just as if no examination had been had. The state is not bound to prosecute by information simply because its officers may have elected to arrest a person and hold a preliminary examination. It may be true that the plaintiff in error was held in custody illegally awaiting proper preliminary hearing. He had a remedy, however, if he had chosen to resort to it. The plea in abatement was properly overruled.

No other errors being complained of, and none appearing from the record, the judgment of the trial court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.